UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRANSMONTAIGNE PRODUCT SERVICES INC.,

                                                                                            09 Civ. 791 (HB)

                   Plaintiff,

       -against-

HANNAH MARINE CORPORATION,

                 Defendant.
-------------------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT

MAHONEY & KEANE LLP
Attorneys for Plaintiff
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Plaintiff TRANSMONTAIGNE PRODUCT SERVICES INC. ("TRANSMONTAIGNE"), in support of its Motion for Default against Defendant HANNAH MARINE CORPORATION ("HANNAH") for its failure to answer Plaintiff's claims, and for an Order directing Garnishee BANK OF AMERICA to release Defendant's restrained funds in partial satisfaction of Plaintiff's judgment.

## STATEMENT OF FACTS

For a brief recitation of the facts, please refer to Affidavit in Support of Plaintiff's Motion for Default Judgment with attached exhibits.

## ARGUMENT

**POINT I:   THIS HONORABLE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BECAUSE DEFENDANT HAS FAILED TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' CLAIMS.**

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provide that "a defendant shall serve an answer within 20 days after being served with the summons and complaint." Fed. R. Civ. P. §12(a)(1)(A) (2007). Upon failure of a defendant to serve the answer, the court may enter a default judgment against the defendant and in favor of the plaintiff. Fed R. Civ. P. §55. A plaintiff is further entitled to a default judgment without the necessity of an inquest when the amount sought by said plaintiff is a sum certain or can otherwise be discerned by precise calculation. Triestman v. Albany County Sheriff Dep't, Docket No. 93-CV-1397(TJM)(GJD), 1998 U.S. Dist. LEXIS 6578 (N.D.N.Y., January 21, 1998). See also, Combs v. Coal & Mineral Management Servs., Inc., 105 F.R.D. 472 (D.D.C. 1984)(no hearing is necessary if the amount of liability is capable of precise calculation, such as an amount appearing on the face of an instrument); Thorpe v. Thorpe, 124 U.S. App. D.C. 299 (D.D.C. 1966).

In the present matter, Plaintiff commenced an action against Defendant, seeking damages for breach of a maritime contract. (Aff. in Supp. at Ex. A, D). On March 20, 2009, service of process was effected on Defendant by personally delivering a copy of the Summons and Complaint to DEB BOWEN, Agent and authorized by appointment or law to receive process on behalf of Defendant. (Id. at Ex. B). Defendant's time to answer the Complaint has expired. As of today, no answer has been forthcoming from Defendant.

Plaintiff is seeking a sum certain of unpaid charges, capable of precise calculation. (Id. at Ex. C, D). As such, the Court may proceed to issue a default judgment without the necessity of an inquest.

Plaintiff further seeks an award of pre-judgment and post-judgment interest. New York law "provides for the award of prejudgment interest in the context of…breach of contract." A1 Marine Adjusters, Inc. v. M/V Siri Bhum, et al., Docket No. 05 Civ. 7727 (LBS)(THK), 2007 U.S. Dist. LEXIS 21866, *19 (S.D.N.Y. Feb. 8 2007). "Prejudgment interest is awarded at a rate of nine percent per anum, calculated from the earliest ascertainable date on which the cause of action existed." Id. at *19-20; See N.Y. C.P.L.R. §§5001, 04 (2009). Likewise, post-judgment interest is recoverable at a rate of nine percent per annum, commencing on the date on which judgment is entered. A1 Marine Adjusters, Inc., Docket No. 05 Civ. 7727 (LBS)(THK), 2007 U.S. Dist. LEXIS 21866, *28-29. See N.Y. C.P.L.R. §§5002-03.

**POINT II: THE COURT SHOULD ISSUE AN ORDER DIRECTING GARNISHEE BANK OF AMERICA TO RELEASE DEFENDANT'S GARNISHED FUNDS TO PLAINTIFF IN PARTIAL SATISFACTION OF PLAINTIFF'S JUDGMENT**

The Federal Supplemental Rules for Admiralty permit a plaintiff in an admiralty action, where the Defendant cannot be found in the district, to attach Defendant's tangible and intangible personal property in the hands of garnishees within that same district. Fed. R. Civ. P.

B(1)(2008). Such attachment of a defendant's personal property serves to confer jurisdiction by the court over the attached property. East Asiatic Co. v. Indomar, 422 F. Supp. 1335, 1341 (S.D.N.Y. 1976); See also Robinson v. O.F. Shearer & Sons, Inc., 429 F.2d 83, 86 (3rd Cir. 1970)("[a]ttachment vests the court with quasi-in-rem jurisdiction, and the value of the res attached determines the effective limits of a judgment for the plaintiff"). Once process of attachment has been executed, a defendant has thirty days in which to interpose an answer to a plaintiff's claim. Fed. R. Civ. P. B(3)(b). Upon a defendant's failure to answer, a plaintiff may seek a default, if he or she provides or attempts to provide defendant with notice of the attachment restrained by the garnishee. Fed. R. Civ. P. 55 & B(2). See also, Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, et al., 06 Civ. 14226 (RLC); 2009 U.S. Dist. LEXIS 6074 (Jan. 26, 2009)(plaintiff granted default judgment on restrained funds upon a showing that Defendant failed to respond to Plaintiff's Rule B2 Notice).

In the present matter, Garnishee Bank of America restrained Defendant's funds in the amount of $15,000.00 on or about March 19, 2009. (Aff. in Supp. at Ex. G). As required by Rule B(2) of the Federal Admiralty Rules, as well as its corresponding Local Rule for the Southern District of New York, Plaintiff served a notice of said restraint on Defendant. (Id.). More than thirty days have elapsed since notice was provided to Defendant and Defendant has not responded to Plaintiff's notice, did not file an Answer or otherwise enter an appearance in this action.

Furthermore, Plaintiff is presently entitled to a default judgment as to the full extent of Plaintiff's claim due to Defendant's failure to answer Plaintiff's Complaint. (See supra at Point I).

Given the above, the Court should issue an Order directing Garnishee Bank of America to release the presently restrained funds to Plaintiff in partial satisfaction of Plaintiff's claim.

## CONCLUSION

WHEREFORE, Plaintiff prays for an Order:

(1) granting Plaintiff's Motion for Default in the amount of $142,514.21, plus post-judgment interest;

(2) directing Garnishee Bank of America to release all funds currently restrained in this matter to Plaintiff in partial satisfaction of Plaintiff's Default Judgment; and

(3) For any other and further relief as this Court may deem just and proper.

Dated: New York, NY
August 11, 2009

          Respectfully submitted,

          MAHONEY & KEANE, LLP
          Attorneys for Plaintiff

    By: _____
          JORGE A. RODRIGUEZ
          11 Hanover Square, 10th Floor
          New York, NY 10005
          Tel. (212) 385-1422
          File No. 12/3676